MEMORANDUM *
Jaime Bibo-Lopez[1] pleaded guilty to one count of distributing visual depictions of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2). The district court sentenced Bibo to six years in custody and ten years of supervised release. Bibo argues that the district court committed procedural errors in deciding the length of his custody and the terms of two of the conditions of his supervised release. We agree.
A district court commits a procedural error if it bases its sentence on “clearly erroneous facts.” United States v. Carty, 520 F.3d 984, 993 (9th Cir.2008) (en banc). A factual finding is clearly erroneous if it is “without support in the record.” United States v. Graf, 610 F.3d 1148, 1157 (9th Cir.2010). When the district court relies on a clearly erroneous factual conclusion in deciding a sentence, we vacate and remand for resentencing, even when other factors might have supported the sentence. United States v. Burgum, 633 F.3d 810, 816 (9th Cir.2011).
The district court' sentenced Bibo above the mandatory minimum based in part on the “real” risk that he would “graduate from the observation of [child pornography] to actual conduct.” Bibo correctly asserts that the district court’s finding had no support in the record and thus was clearly erroneous. Bibo introduced evidence that he did not present a risk of “graduating” and the government did not present any evidence that he did. The government now points to studies showing that some child pornography offenders pose a greater risk than members of the public at large to commit contact sex offenses, but it did not cite these studies before the district court. Without commenting on the relevance or weight of the studies, we hold that they may not be used to support the sentence in this case because they were not part of the record before the district court. Accordingly, we vacate and remand the sentence.
Although we remand the entirety of Bibo’s sentence on the basis of the above procedural error, in the interest of avoiding needless additional litigation we briefly address Bibo’s other objections to his sentence. Condition 12 of Bibo’s supervised release requires him to complete “a sex offender evaluation, which may include periodic ... physiological testing.” Bibo argues that this could include penile pleth-ysmography testing.[2] The government concedes that Condition 12 does not allow for plethysmography testing, and the district court could not have authorized plethysmography testing without making additional factual findings. United States v. Weber, 451 F.3d 552, 568-69 (9th Cir.2006). Assuming the district court impos *452 es a similar restriction to Condition 12 on remand, 'it should make explicit what was implicit before: the condition does not include penile plethysmography testing.
Bibo also asserts that the district court erred by imposing Condition 9, which prevents him from possessing any material that “depicts ‘sexually active conduct’ ... as defined by 18 U.S.C. § 2256(2)” involving adults. Bibo contends that this condition sweeps in not only adult pornography, but a wide swath of mainstream, non-pornographic films, television shows, literature, and other media. He argues that Condition 9 therefore implicates significant First Amendment interests and should be subject to the articulation requirement outlined in Weber. 451 F.3d at 561.
We recently confronted an almost identical condition of supervised release in United States v. Gnirke, 775 F.3d 1155, 1158 (9th Cir.2015). In that case we did not reach the question of whether Condition 9 as written triggered the articulation requirement because we construed language identical to Condition 9 as limited to pornography. Id. at 1166. Under this narrower reading, we found that limiting Gnirke’s access to adult pornography did not infringe a significant liberty interest. Id. at 1160. As in Gnirke, the district court here was concerned that viewing adult pornography would lead Bibo back to viewing child pornography. On remand, assuming the district court again imposes a condition of supervised release similar to Condition 9, it should make clear that the condition is limited to the restriction as upheld in Gnirke.
Sentence Vacated and Remanded.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The defendant-appellant is referred to throughout the briefs as Bibo; that name is used here.

. "Penile plethysmograph testing is a procedure that involves placing a pressure-sensitive device around a man’s penis, presenting him with an array of sexually stimulating images, and determining his level of sexual attraction by measuring minute changes in his erectile responses.” United States v. Weber, 451 F.3d 552, 552 (9th Cir.2006) (internal quotation marks omitted).